UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**NOLBERTO GONZALEZ-PABLO,**

    Petitioner,

v.

**CHRISTOPHER MASON**, Acting Superintendent, South Central Regional Jail and Correctional Facility; **BRIAN MCSHANE,** Acting Director of Philadelphia Field Office, U.S. Immigration and Customs Enforcement; **KRISTI NOEM,** Secretary of the U.S. Department of Homeland Security; and **PAMELA BONDI,** Attorney General of the United States, in their official capacities,

    Respondents.

Case No. 2:25-cv-368

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS**

COMES NOW the Petitioner, Nolberto Gonzalez-Pablo (A# 205 266 358), by and through undersigned counsel, and respectfully petitions this Honorable Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 to halt his imminent deportation. In support, Petitioner states as follows:

**INTRODUCTION**

Petitioner is a long-term resident of West Virginia who has resided in the United States for over ten years. He is married to a U.S. citizen and is the father of two U.S. citizen daughters. One of his daughters, age six, is a survivor of recent sexual abuse and is currently in trauma therapy. His wife suffers from a Chiari malformation and spinal syrinx, requiring ongoing medical attention and potentially surgery. Petitioner is the main financial and emotional provider for his family.

1

Petitioner's removal may cause Petitioner's wife to be forced to leave her job due to lack of childcare. These effects represent an extreme hardship to multiple United State citizens.

Petitioner was taken into ICE custody on May 30, 2025, and now faces imminent removal, scheduled for Friday, June 6, 2025, following a reinstatement of a prior order of removal issued when he was a minor. He is currently held at South Central Regional Jail in Charleston, WV, but is scheduled for transfer to Moshannon Valley Processing Center in Pennsylvania on June 5, 2025 with a scheduled deportation on June 6, 2025. Petitioner was taken from the facility at 7:55am.

Despite being presented with a Form I-871 (Notice of Intent/Decision to Reinstate Prior Order) on May 30, 2025, Petitioner did not understand the form or the legal consequences of signing it. ICE alleges the form was communicated to him in Spanish, but has presented no proof of proper interpretation, advisement, or waiver. Petitioner was under duress and lacked legal counsel at the time. He did not knowingly waive his rights. Petitioner was presented with a second document to sign on June 4, 2025 without a Spanish interpreter or presence of counsel.

Petitioner has filed a Stay of Removal (Form I-246) and a Prosecutorial Discretion request with ICE and the Office of the Principal Legal Advisor (OPLA) on June 3, 2025, seeking time to pursue available legal remedies including 1) Cancellation of Removal under EOIR-42B based on exceptional and extremely unusual hardship to qualifying U.S. citizen relatives; 2) a U visa based on his daughter's abuse and cooperation with law enforcement; and 3) an I-130 Petition for Alien Relative to be filed by his U.S. citizen spouse and a waiver of inadmissibility (I-601A).

Accordingly, to vindicate Petitioner's rights, this Court should grant the instant petition for a writ of habeas corpus and prevent irreparable harm to his family.

Petitioner respectfully seeks this Court's intervention to halt his imminent deportation and vindicate his constitutional and statutory rights. He requests a temporary restraining order, judicial

review of a flawed reinstatement process, and the opportunity to pursue lawful immigration relief while remaining with his U.S. citizen family.

## JURISDICTION

This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

Venue is proper because Petitioner is detained at South Central Regional Jail in Charleston, West Virginia, which is within the jurisdiction of this District.

## REQUIREMENTS OF 28 U.S.C. § 2243

The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391,

400 (1963) (emphasis added).

## PARTIES

Petitioner is an undocumented immigrant who is a resident of Mason County, West Virginia. Petitioner is currently detained at South Central Regional Jail and Correctional Facility in Charleton, West Virginia. He is in the custody, and under the direct control, of Respondents and their agents.

Respondent Mason is the Acting Superintendent of South Central Regional Jail and Correctional Facility and he has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner. Respondent Mason is a legal custodian of Petitioner.

Respondent McShane is sued in his official capacity as the Acting Director of the Philadelphia Field Office of U.S. Immigration and Customs Enforcement. Respondent McShane is a legal custodian of Petitioner and has authority to release him.

Respondent Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner's detention. Respondent Noem is a legal custodian of Petitioner.

Respondent Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent Bondi is a legal custodian of Petitioner.

## STATEMENT OF FACTS

Petitioner is a 28-year-old citizen of Mexico. He has resided in the United States for over ten years and met his wife in 2015. He lives in Letart, West Virginia with his USC wife Mariah Gonzalez-Hollyday and two USC minor children. He regularly attended church with his family at the Liberty Assembly of God in Mason, West Virginia before his daughter was sexually abused by the pastor's grandson.

Petitioner entered the United States as a minor, was deported, and subsequently re-entered. He has since lived continuously in the U.S. for over ten years without any known criminal history. He has worked to support his family and raise two U.S. citizen daughters. His eldest daughter is in ongoing trauma therapy due to sexual abuse by a babysitter who has since been convicted.

Petitioner's wife, Mariah Gonzalez-Hollyday, was recently diagnosed with a Chiari malformation and spinal syrinx after a car accident, and faces potential decompression surgery. She is unable to work fully and depends heavily on Petitioner's support.

On May 30, 2025, Petitioner was arrested by ICE at a local Mexican restaurant in West Virginia and signed Form I-871, allegedly waiving his right to contest reinstatement of a prior removal order. Petitioner does not recall understanding the form and was not provided with a proper advisement. ICE has failed to present any documentation confirming the advisal was actually interpreted and understood.

## LEGAL FRAMEWORK

Petitioner's removal without a meaningful opportunity to present his defenses constitutes a violation of his due process rights. The waiver of contesting reinstatement was not knowing, voluntary, or informed. The failure to provide adequate interpretation or legal counsel invalidates the waiver. Moreover, Petitioner's pending requests for prosecutorial discretion and stay of

removal are viable and supported by extensive humanitarian documentation. Petitioner is not a flight risk or danger to the community. He has multiple legal pathways to remain with his family.

**CLAIMS FOR RELIEF**

**COUNT ONE**
**Violation of Fifth Amendment Right to Due Process**

The allegations in the above paragraphs are realleged and incorporated herein.

Petitioner was denied the right to due process when ICE obtained a purported waiver of rights (via Form I-871) without ensuring it was knowingly and voluntarily executed. He was not provided with proper advisal in a language he could understand, nor was he afforded access to legal counsel.

For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

**COUNT TWO**
**Violation of 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8:**
**Unlawful Reinstatement of Prior Removal Order**

The allegations in the above paragraphs are realleged and incorporated herein.

ICE reinstated a prior removal order from when Petitioner was a minor without providing proper notice, language interpretation, or opportunity to contest the factual and legal basis. The reinstatement is invalid as Petitioner lacked procedural protections required by regulation and case law.

For these reasons, Petitioner's detention violates 8 U.S.C. § 1231(a)(5); and 8 C.F.R. § 1231(a)(5).

## COUNT THREE
### Violation of INA § 240; 8 U.S.C. § 1229a:
### Violation of the Immigration and Nationality Act (INA)

The allegations in the above paragraphs are realleged and incorporated herein.

By depriving Petitioner of access to a full removal proceeding—despite his eligibility for multiple forms of relief (U visa, cancellation of removal, adjustment of status)—the government has unlawfully circumvented the statutory structure Congress intended for such claims to be heard before an Immigration Judge.

For these reasons, Petitioner's detention violates INA § 240; 8 U.S.C. § 1229a.

## COUNT FOUR
### Administrative Procedure Act, 5 U.S.C. § 706(2)(A):
### Arbitrary and Capricious Agency Action (APA Violation)

The allegations in the above paragraphs are realleged and incorporated herein.

The decision to remove Petitioner without adjudicating his prosecutorial discretion request or stay of removal was arbitrary and capricious, particularly in light of significant humanitarian evidence, strong family ties, and pending legal remedies.

For these reasons, Petitioner's detention violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

## COUNT FIVE
### Violation of Fifth Amendment Right to Due Process

In the early morning at approximately 1:45am on June 5, 2025, undersigned counsel attempted to meet with Petitioner at South Central Regional Jail to prepare emergency legal filings to prevent his removal. A jail officer, Lt. Messinger denied access, citing alleged "state law restrictions," requiring eight hours of sleep for inmates and directed counsel to return at 5:00

AM, despite Petitioner's right to consult with legal counsel under federal law. Such conduct interferes with Petitioner's constitutional rights under *Bounds v. Smith*, 430 U.S. 817 (1977), and *Procunier v. Martinez*, 416 U.S. 396 (1974), and violates due process as recognized in *Ching v. Lewis*, 895 F.2d 608 (9th Cir. 1990). ICE's own standards note that in emergency circumstances, facilities may consider requests from legal representatives for extended visits or visits outside normal facility visiting hours (*See* ICE 2011 Performance-Based National Detention Standards). This denial of access during an urgent legal crisis unreasonably interfered with Petitioner's right to due process, access to the courts, and effective assistance of counsel.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue a Temporary Restraining Order staying Petitioner's removal pending resolution of this habeas petition;

(3) Order Respondents to provide proof of valid advisal and waiver under Form I-871, or to halt removal until Petitioner can pursue administrative remedies;

(4) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(5) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment; 8 U.S.C. § 1231(a)(5); and 8 C.F.R. § 241.8; INA § 240; 8 U.S.C. § 1229a; and/or the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

(6) Issue a Writ of Habeas Corpus ordering Respondents to justify the legality of Petitioner's continued detention and imminent removal, schedule a bond hearing before an

immigration judge and, at such hearing, and afford Petitioner the opportunity to pursue legal remedies including a U visa, cancellation of removal, and/or adjustment of status.

(7)    Grant any further relief this Court deems just and proper.

    Respectfully submitted,

    __s/William Wilson_____
    William Wilson
    Wilson Legal Group, PLLC
    WV Bar #11994
    1215 Quarrier St., Ste. 1
    Charleston, WV 25301
    304-757-6541
    shane@wilsonvisalaw.com

*Counsel for Petitioner*

Dated: June 5, 2025

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, Nolberto Gonzalez-Pablo, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 5th day of June, 2025.

                                                    _s/William Wilson_____  
                                                    William Wilson  
                                                    West Virginia State Bar No. 11994